W. L. McL. McKAY, Ex'r., &c., v. NEIL L. RAY, Adm'r, &c.

The first proviso to s. 2, ch. 63, Acts of 1866–'67 (in regard to defendants "about to remove," &c.,) does not apply to the case of one who it is stated "is beyond the jurisdiction of the Court; " nor does it apply to a case where there is no affidavit of the fact.

(*Bunting* v. *Wright*, Phil., 295, cited and approved.)

SCIRE FACIAS to subject bail, dismissed upon motion before *Fowle, J.,* at Spring Term 1867 of the Superior Court of CUMBERLAND.

The action had been commenced in 1861, and it was admitted that the principal in the bail bond at the time of issuing the *scire facias* and ever since had been beyond the jurisdiction of the Court.

From the order made by his Honor the plaintiff appealed.

*Badger,* for the appellant.
*Person, contra.*

PEARSON, C. J. In *Bunting* v. *Wright,* Phil. 295, a construction is given to the statute, entitled " An Act to abolish imprisonment for debt," Laws of 1866–'67, ch. 63, sec. 1.   It is held that the act is general in its application, and abolishes *all* imprisonment for debt, from and after its passage ; so that a debtor, who had *before* the passage of the act been convicted of fraud in the County Court and appealed, could not be imprisoned if he should afterwards be convicted in the Superior Court; and consequently that no judgment could be rendered on the appeal bond, although the debtor was called, and failed. *Cui bono* require him to appear, and go through the useless form of a trial, if on conviction he could not be imprisoned ? Why require his bail to surrender him if he must instantly be discharged ?   These propositions seemed so clear that we were content to rest our decision on " the reason of the thing."

Upon the argument of this case we were pleased to find, that our conclusion is proved to be true, by reference to several authorities which are directly in point, and establish the position, that whenever the principal on his appearance cannot

McKay *v.* Ray.

be imprisoned, and would be entitled to be instantly discharged, he is not required to appear, the bail are discharged, and an *exoneretur* should be entered on the bail bond; for, say the Judges, "*cui bono*" require a useless act to be done? *Mannin* v. *Partridge* 14 East. 599; *Boggs* v. *Teakle* 5 Binn. 332; *Beers* v. *Haughton,* 9 Peters, 329.

It was insisted for the plaintiff that this case does not fall under that doctrine, because it is embraced by the proviso of in the Act, by reason of the fact that "the principal, Duncan Buie, at the time of the issuing the *scire facias* and ever since, has been beyond the jurisdiction of the Court."

This calls for a construction of the proviso. By its terms it is confined to cases, "where the plaintiff makes oath that the defendant is *about to remove* himself or property beyond the limits of the State, and shall at the same time swear to the amount that such person is indebted to him." *Then* the plaintiff shall have a *capias ad respondendum,* &c.

We are not at liberty to express an opinion as to the legal effect of the *capias,* and the liability of the bail in cases falling under the proviso; for, very clearly, the proviso does not embrace the case of a non-resident debtor. The words "about to remove," exclude it; the remedy given, to wit a "*capias ad respondendum,*" can have no application when the debtor is a non-resident, and of course the writ cannot be executed. So that construction involves an absurdity. In this case there is the further difficulty that there is no affidavit, as required by the proviso, as to his being about to remove! That of course is out of the question, for there could be no such affidavit. Then there is no affidavit as to the amount of the debt, and "that the same is justly due." So the proviso cannot be made to fit the case of a non-resident debtor.

There is no error.

PER CURIAM.       Judgment affirmed.